**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIE SMITH,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.  3:10-CV-0207-L-BH |
| | ) | |
| **MIDLAND MORTGAGE COMPANY,** | ) | |
| **et al.,** | ) | |
| Defendants. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for screening.

**I.  BACKGROUND**

Plaintiff filed this action against the defendant on February 2, 2010.  After granting him leave to proceed *in forma pauperis*, the Court sent him a Magistrate Judge's Questionnaire ("MJQ") on February 8, 2010, seeking additional information about his claims.  The questionnaire stated that the answers were due within thirty days and warned Plaintiff that failure to file answers could result in the dismissal of the action for failure to prosecute.  On March 8, 2010, Plaintiff filed an unsigned, blank copy of the answer form with two *Notices of Reservation of Rights and Response to Magistrate Judge's Questionnaire*, one with the caption of this case and one styled with an Ellis County case number.  By filing the blank copy of the answer form and the non-responsive notices, Plaintiff has intentionally failed to comply with the order of February 8, 2010.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has intentionally failed to comply with the February 8, 2010 order that he file his answers within thirty days. Accordingly, the Court should dismiss this federal action.

### III.  RECOMMENDATION

Pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint should be dismissed without prejudice for his failure to comply with an order of the Court, unless within the time allotted for objecting to this recommendation, he files signed, fully responsive answers to the court questionnaire.

**SIGNED this 12th day of March, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2